UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DLANEY NIXON,

      Petitioner,

v.

                                                      Case No. 19-cv-13211
                                                      Hon. Matthew F. Leitman

J. HEMMINGWAY,

      Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT
OF HABEAS CORPUS (ECF No. 1) AND CLOSING THIS CASE**

Petitioner Dlaney Nixon is an inmate at the Federal Correctional Institution in Yazoo City, Mississippi.[1] On October 31, 2019, Nixon filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2241.[2] (*See* Pet. ECF No. 1.) Nixon seeks credit on his federal sentence for about eleven months that he spent in custody before he was sentenced. (*See id.*, PageID.5; *see also* Resp. to Show Cause, ECF No. 6,

---

[1] *See* https://www.bop.gov/inmateloc/. Search by name or register number 22653-031.

[2] At the time, Nixon was incarcerated at the Federal Correctional Institution in Milan, Michigan, which lies within the geographical boundaries of the United States District Court for the Eastern District of Michigan. The Court retains jurisdiction in this case because federal jurisdiction in a habeas case attaches when the petition is filed. *See Sanders v. Freeman*, 221 F.3d 846, 851 (6th Cir. 2000) (citing *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968), and *DePompei v. Ohio Adult Parole Auth.*, 999 F.2d 138, 140 (6th Cir. 1993)).

PageID.33.) The State of Kansas, however, gave Nixon credit for the time in question on his state parole-violation sentence, and Nixon is not entitled to credit on his federal sentence for the same time. Accordingly, the Court **DENIES** the habeas petition.

## I

### A

The Government provided a factual background for Nixon's habeas claim in its responsive pleading. (*See* Resp., ECF No. 11, PageID.62-65.) Briefly summarized, Nixon was a state parolee on October 18, 2012, when local law enforcement officials arrested and charged him with bank robbery and kidnapping in Sedgwick County, Kansas. As a result of the criminal charge, Kansas officials also issued a parole-violation warrant for Nixon.

On the following day, the United States Attorney in the District of Kansas charged Nixon with armed bank robbery, 18 U.S.C. § 2113(a). The State of Kansas then dismissed the state charges. On October 22, 2012, state officials released Nixon to federal officers for the federal prosecution even though the Government did not obtain a writ of habeas corpus ad prosequendum.

Nixon subsequently pleaded guilty in federal court to armed bank robbery, and on September 4, 2013, the federal court sentenced Nixon to 140 months (eleven years, eight months) in prison. On September 18, 2013, federal officials released

Nixon to the Kansas Department of Corrections. The Kansas Parole Board then revoked Nixon's parole and returned Nixon to prison to serve his parole-violation sentence. On April 25, 2014, Nixon completed his state sentence, and state officials released him to federal officials for service of his federal sentence.

When Nixon arrived at a federal facility, the Bureau of Prisons determined that the entire time he spent in custody – from his arrest on October 18, 2012, through his release from state custody on April 25, 2014 – was credited to his state sentence. Nixon pursued administrative remedies to obtain credit on his federal sentence for the time spent in pretrial detention. On December 7, 2015, however, an Administrator for National Inmate Appeals denied Nixon's request for credit on his federal sentence from October 22, 2012, through September 18, 2013.

On December 11, 2015, the federal sentencing court issued a *nunc pro tunc* order which stated that Nixon should have received credit toward his federal sentence as of September 4, 2013, when the court imposed the sentence. The sentencing court also determined that Nixon's federal sentence should run concurrently with any sentences in two state cases. The Bureau of Prisons then re-computed Nixon's federal sentence with a start date of September 4, 2013. His projected release date is September 9, 2023.

**B.**

On October 31, 2019, Nixon filed his habeas corpus petition. He sought credit on his federal sentence for the time spent in custody before he was sentenced in federal court: from October 22, 2012, when federal authorities took temporary custody of Nixon, through September 4, 2013, when he was sentenced in federal court. (*See* Pet., ECF No. 1, PageID. 5, 9.) Nixon conceded that the Federal Bureau of Prisons is constrained by statute from granting him the desired credit. (*See id.*, PageID.10-11.) He also conceded that the record is silent as to whether the sentencing court intended to issue credit for the time in dispute. (*See id.*, PageID.9.) But he maintained that issuing him credit *nunc pro tunc* would reflect the sentencing court's intentions. (*See id.*) He also argued that he should be treated like his co-defendants, who received credit for the time in question. (*See id.*, PageID.11-12.) He asked the Court to credit his federal sentence or to transfer his case to the federal district court in Kansas for consideration of his claim. (*See id.*, PageID.11-12.)

During a preliminary review of the habeas petition, it appeared to the Court that Nixon received credit on his state sentence for the disputed time. The Court, therefore, ordered Nixon to (1) show cause why his habeas petition should not be dismissed and (2) provide proof that he did not receive sentencing credit for the disputed period. (*See* Order to Show Cause, ECF No. 5.)

Nixon responded that, on October 22, 2012, the State of Kansas voluntarily relinquished custody of him and federal authorities assumed primary custody of him. (*See* Response to Show Cause, ECF No. 6, PageID.34-35.) He concluded that, because federal authorities had primary custody of him from October 22, 2012, to September 18, 2013, he was entitled to credit on his federal sentence for that period. (*Id*. at PageID.36.)

Although no writ of habeas corpus ad prosequendum was issued in October 2012 before state officials delivered Nixon to federal officers, Nixon alleged that any error or oversight was not his fault. He also argued that the Government and the State of Kansas must have agreed to a permanent change of custody, because during the time in question, he was detained in a county jail that was designated as a federal holding facility. (*See id.*, PageID.37-39.)

The Court subsequently ordered the Clerk of Court to serve the habeas petition on Nixon's warden and on the U.S. Attorney in this District. (*See* Order, ECF No. 7.) On October 14, 2020, the Government filed its response. (*See* Resp., ECF No. 11). The Government asserted that Nixon's arguments lacked merit and that the Bureau of Prisons properly computed Nixon's sentence. (*See id.*, PageID 60-61.)

On November 24, 2020, Nixon filed a reply to the Government's response. (*See* Reply, ECF No. 14.) He asserted that the Government's arguments are misleading and that a miscarriage of justice will occur if the Court accepts those

5

arguments. (*See id.*, PageID.172.) He also continues to maintain that he is entitled to sentencing credit for the time that he served in pretrial custody because, in his opinion, that was the federal sentencing court's intention. (*See id.*, PageID.173-175.)

## II

The Court may grant the writ of habeas corpus only if Nixon "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The relevant federal law here is 18 U.S.C. § 3585, which "determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in 'official detention' before the sentence began." *Reno v. Koray*, 515 U.S. 50, 55 (1995). The statute reads as follows:

> **(a) Commencement of sentence.** -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.** -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> **(1)** as a result of the offense for which the sentence was imposed; or
>>
>> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.

The federal sentencing court has already granted Nixon sentencing credit from the time that his sentence was imposed. Therefore, the only question here is whether Nixon is entitled to credit on his federal sentence for the time that he was detained before his federal sentencing.

"A defendant convicted of a federal crime has a right under 18 U.S.C. § 3585(b) to receive credit for certain time spent in official detention before his sentence begins." *United States v. Wilson*, 503 U.S. 329, 330 (1992). But, "§ 3585(b) does not authorize a district court to compute the credit at sentencing." *Id*. at 334. Instead, "[a]fter a district court sentences a federal offender, the Attorney General, through the [Bureau of Prisons], has the responsibility for administering the sentence." *Id.* at 335 (citing 18 U.S.C. § 3621(a)).

Although *Wilson* does not exempt from judicial review the Bureau's determinations of sentence credit under § 3585(b), the case "might be viewed as implying that the [Bureau] is entitled to some deference in carrying out its statutory duty." *United States v. Flowers*, 934 F. Supp. 853, 855 (E.D. Mich. 1996); *see also Colton v. Ashcroft*, 299 F. Supp. 2d 681, 685 n. 3 (E.D. Ky. 2004) (deferring to the Bureau of Prisons "for the precise calculation of the duration of the [federal] sentence"). And, as noted, "[t]he final phrase of § 3585(b) . . . authorizes credit only for time that 'has not been credited against another sentence.'" *Wilson*, 503 U.S. at 334.

In the present case, the State of Kansas awarded Nixon credit on his state sentence for the time in question. (*See* Declaration of Barbara Gail Crowe ("Crowe Decl.") at ¶ 6, ECF No. 11-3, PageID.77; *id.*, Attachment 6, PageID.104.) "Time which has been credited towards service of a state sentence may not be 'double counted' against a federal sentence." *United States v. Lytle*, 565 F. App'x 386, 392 (6th Cir. 2014). Nixon, nevertheless, contends that he was in federal custody before the federal court sentenced him.

The rule on custody and jurisdiction between state and federal sovereigns is that "primary jurisdiction over a person is generally determined by which one first obtains custody of, or arrests, the person." *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005) (citing *Thomas v. Brewer,* 923 F.2d 1361, 1365 (9th Cir. 1991), and *United States v. Vann,* 207 F. Supp. 108, 111 (E.D. N.Y. 1962)). Thus, "the sovereign which first arrests an individual [normally] acquires priority of jurisdiction for purposes of trial, sentencing and incarceration." *United States v. Collier*, 31 F. App'x 161, 162 (6th Cir. 2002) (quoting *United States v. Warren*, 610 F.2d 680, 684-85 (9th Cir. 1980)). "Generally, a sovereign can only relinquish primary jurisdiction in one of four ways: 1) release on bail, 2) dismissal of charges, 3) parole, or 4) expiration of sentence." *Cole*, 416 F.3d at 897 (citing *United States v. Smith,* 812 F. Supp. 368, 370 n.2 (E.D. N.Y. 1993)).

8

The State of Kansas was the first sovereign to arrest Nixon, and even though it delivered Nixon to federal officers on October 22, 2012, it did not release Nixon on bail, dismiss the parole-violation charge, grant him parole, or allow the state sentence to expire. Thus, Kansas did not relinquish primary custody of Nixon. (*See* Crowe Decl. at ¶ 10, ECF No. 11-3, PageID.78-79; *see also* Resp., Ex. 3, Kansas Federal Public Defender letter to Nixon, ECF No. 11-4, PageID.154-155, and Senior U.S. Probation Officer Shawn M. Brewer's Memorandum to U.S. District Judge Eric F. Melgren, ECF No. 11-4, PageID.156-147).

State officials retained primary custody of Nixon due to the state parole violation detainer, (*see* Crowe Decl at ¶ 4, ECF No. 11-3, PageID.77), and the Government merely "borrowed" Nixon for purposes of the federal prosecution. *See Jake v. Herschberger*, 173 F.3d 1059, 1061 n.1 (7th Cir. 1999) ("Because the receiving sovereign merely obtains limited jurisdiction over the 'borrowed' prisoner, the prisoner is still under the jurisdiction of the sending sovereign, and is considered to be in the custody of the sending sovereign not the receiving sovereign."). (*See also* Crowe Decl. at ¶ 12, ECF No. 11-3, PageID.79.) Although Nixon contends that he is entitled to the requested credit because his co-defendants received credit for the same time, neither one of Nixon's two co-defendants received credit on a state sentence. (*See* Crowe Decl. at ¶ 12, ECF No. 11-3, PageID.79.)

## III

For the reasons given above, Nixon has no right to the sentencing credit he seeks, and because § 3585(b) was not violated, he is not in custody in violation of federal law. Accordingly, the petition for a writ of habeas corpus (ECF No. 1) is **DENIED**. This case is now closed.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: February 22, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 22, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126